IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| XABIER JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:10-CV-940-WKW |
| ) | [WO] |
| CITY OF MONTGOMERY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Xabier Jones brings this action against Defendant City of Montgomery for racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Civil Rights Act, 42 U.S.C. § 1981, *et seq.* Before the court is the City's Motion to Dismiss. (Doc. # 34.) For the reasons that follow, this motion is due to be denied.

Mr. Jones filed his complaint on November 3, 2010. He named Chief Jordan of the Montgomery Fire Department and the City. Twelve days later, he amended his complaint, naming the Chief and the Fire Department instead of the City. However, service was not effectuated until April 18, 2011. Both the original and amended complaints were served on Defendants. Then, Mr. Jones tried to amend his complaint again to name the City (again) after it became clear he could not name the Fire Department since that entity cannot be sued. (*See* Order, Doc. # 24.) The motion to

dismiss argues that the Title VII claims in the Second Amended Complaint could not relate back to the First Amended Complaint, since the City was not noticed in that complaint about the Title VII claims within the ninety days after receipt of the right to sue letter. However, the motion to dismiss misstates the requirements for relation back under the present version of Federal Rule of Civil Procedure 15(c), and relies on outdated law. *See Schiavone v. Fortune*, 477 U.S. 21 (1986), *superseded by rule,* Fed. R. Civ. P. 15(c)(3), *as recognized by Hill v. U.S. Postal Serv.*, 961 F.2d 153 (11th Cir. 1992).

Under the revised Rule 15, a plaintiff is allowed to assert a claim that relates back to the original complaint and change the name of the party, if: (1) the amendment asserts a claim in the original pleading; (2) it was done within the time period allowed in Rule 4(m); (3) the party to be brought in by the amendment received such notice that it will not be prejudiced by defending on the merits; and (4) that party knew or should have known that the action would have been brought against it, but for a mistake concerning the proper entity. Fed. R. Civ. P. 15(c).

All these requirements are met by the Second Amended Complaint. (Doc. # 31). The complaint reasserts the Title VII claims and claims against Chief Jordan. It was within the period of time allowed in Rule 4(m) as a result of the extension granted in a previous order. (Doc. # 9.) Rule 15 requires relation back to the original

complaint, not any subsequent amended complaints, which would relate back to the First Amended Complaint that properly named the City and was filed within the ninety day window for Title VII claims.

The third and fourth factors of Rule 15 are also met.  The Fire Department and the City both have the same attorney, who received notice of this suit, and received the original Complaint along with the First Amended Complaint.  Counsel was aware of the mistake, and even filed a motion to dismiss as a result.  (*See* Doc. # 19.) Therefore, there is no prejudice to the City.  Because the Second Amended Complaint meets the requirements of Rule 15(c), it can successfully relate back and the motion to dismiss is due to be denied.

Therefore, it is ORDERED that the Motion to Dismiss (Doc. # 34) is DENIED.

DONE this 16th day of March, 2012.

                                                                                   /s/ W. Keith Watkins
                                                CHIEF UNITED STATES DISTRICT JUDGE