IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| XABIER JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CV-940-WKW |
| | ) | |
| CITY OF MONTGOMERY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action was filed by Plaintiff on November 3, 2010.  On July 17, 2012, the District Judge referred this case to the undersigned "for all pretrial proceedings and entry of any orders or other recommendations as may be appropriate."  Order (Doc. 44).  On August 14, 2012, Defendants filed a motion to dismiss for want of prosecution (Doc. 46).  Defendants seek dismissal pursuant to their unsuccessful attempts to confer with Plaintiff in an effort to schedule the Rule 26(f) planning meeting.

On August 16, 2012, the court entered an Order (Doc. 47) informing Plaintiff that all parties have an affirmative duty to inform the court of any change of address during the pendency of their actions.  The Order also directed Plaintiff to file a response to the motion to dismiss (Doc. 46) and show cause as to why this case should not be dismissed for his failure to abide by this court's July 31, 2012 Order (Doc. 45) and for failure to prosecute this action.  Plaintiff was cautioned that his failure to comply with the court's August 16 Order would result in a recommendation that this case be dismissed for failure to prosecute and

abandonment of claims.  *Id*.  On August 24, 2010, the copy of the Order (Doc. 47) that was mailed to Plaintiff was returned as undeliverable.  Because Plaintiff has failed to abide by the court's July 31 and August 16 orders, inform the court of a change of address, and otherwise prosecute this case, the court concludes that this case should be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and to comply with the orders of this court.

It is further

ORDERED that on or before **September 20, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en

banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981).

Done this 6th day of September, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE